**Daniel J. Oates,** OSB No. 131573
Dan.Oates@millernash.com
**Jesús Palomares**, OSB No. 114874
Jesus.Palomares@millernash.com
MILLER NASH LLP
Pier 70 – 2801 Alaskan Way, Suite 300
Seattle, WA  98121
Telephone:  206.777.7537
Facsimile:  206.380.9599

　　　　Attorneys for Plaintiffs
　　　　Beast Holdings, LLC; MrBeastYouTube,
　　　　LLC; and GameChanger247, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| BEAST HOLDINGS, LLC; MRBEASTYOUTUBE, LLC; and GAMECHANGER247, LLC, | CV No.  3:21-CV-1119 |
| 　　　　　　　Plaintiffs, | COMPLAINT FOR TRADEMARK AND COPYRIGHT INFRINGEMENT |
| 　　　v. | |
| PRIVATE BY DESIGN, LLC, a North Carolina limited liability company; Doe Defendants 1-20; WWW.SHOP-MRBEAST.COM, a domain name; and PORKBUN, LLC, a Oregon limited liability company, | |
| 　　　　　　　Defendants. | |

Plaintiffs Beast Holdings, LLC, MrBeastYouTube, LLC, and GameChanger247, LLC

Page 1 -　　COMPLAINT

(collectively "MrBeast" or "Plaintiffs"), for their complaint, allege as follows:

## I.    INTRODUCTION

1.    This action has been filed by MrBeast to combat an e-commerce store operator who trades upon MrBeast's reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed clothing and other miscellaneous consumer goods (e.g., mousepads) that infringe on MrBeast's trademarks and copyrighted artworks and designs.

2.    Defendant, Private by Design, LLC, which offers WHOIS Privacy ("Whois" or collectively with the Doe Defendants, "Defendants"), is listed as the registrant for the in rem defendant, domain www.shop-mrbeast.com (the "Infringing Domain Name").

3.    Defendant Porkbun, LLC ("Porkbun") is listed as the registrar for the Infringing Domain Name.[1]

4.    Plaintiffs have made multiple attempts to contact Defendants and Porkbun regarding the infringing content and requested that they (1) cancel the registration of the Infringing Domain Name and (2) identify the owner of the Infringing Domain Name and any contact information associated so that MrBeast may pursue the appropriate legal remedies.

5.    MrBeast is forced to file this action to combat counterfeiting of the MrBeast Trademarks and copyrighted artworks and designs, as well as to protect unknowing consumers from purchasing counterfeit MrBeast clothing over the internet. MrBeast has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishing of its valuable trademarks and seeks injunctive and monetary relief.

---

[1] Porkbun is named as a party in this action solely in its capacity as the registrar for in rem defendant www.shop-mrbeast.com, so that the court has the requisite jurisdiction to suspend and/or transfer the Defendants' Infringing Domain Name. *See* 15 U.S.C. § 1125(d)(2). Plaintiffs seek no other relief from Porkbun.

Page 2 -    COMPLAINT

## II.     PARTIES

6.      Beast Holdings, LLC is a limited liability company with its principal place of business located at 740 SE Greenville Boulevard, Suite 400-163, Greenville, North Carolina.

7.      MrBeastYouTube, LLC is a is a limited liability company with its principal place of business located at 740 SE Greenville Boulevard, Suite 400-163, Greenville, North Carolina.

8.      GameChanger247, LLC is a limited liability company with its principal place of business located at 740 SE Greenville Boulevard, Suite 400-163, Greenville, North Carolina.

9.      Private by Design is a is a limited liability company with its principal place of business located at 500 Westover Dr., Suite 9816, Sanford, North Carolina. Private by Design operates WHOIS Privacy, which allows domain name owners to remain anonymous by supplying Whois' contact information in the location where the domain name owner's information should be publicly provided.

10.     Despite meaningful efforts, including the hiring of a private investigator, MrBeast has not yet identified the Defendants referred to as the Doe Defendants. The Doe Defendants are individuals and/or entities that have caused to be registered the Infringing Domain Name in violation of MrBeast's intellectual property rights. MrBeast reserves the right to amend this Complaint to allege such Doe Defendants' true identities when they are determined.

11.     Upon information and belief, Porkbun is an Oregon limited liability company headquartered at 21370 SW Langer Farms Parkway, Suite 142-429, Sherwood, OR 97140.

## III.     JURISDICTION AND VENUE

12.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq*., 28 U.S.C. § 1338, and

Page 3 -   COMPLAINT

28 U.S.C. § 1331.

13.     Upon information and belief, this Court has personal jurisdiction over the Defendants based upon their systematic and continuous business connections to and sale of goods in this District.  The Court further has in rem personal jurisdiction pursuant to 15 U.S.C. § 1125(d)(2)(A).

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims, and the effects of Whois' conduct, occurred in the District of Oregon. Whois conducted substantial business, registered the Infringing Domain Name, solicited substantial business, and received substantial payments in the District of Oregon.

## IV.     FACTS

15.     MrBeast, is the exclusive owner of its famous trademarks MRBEAST (Trademark Reg. No. 5,930,575), MRBEAST GAMING (Trademark Ser. No. 88/921,390), MRBEAST BURGER (Ser. Nos. 90/327,242; 90/327,247, and 90/327253), MRBEAST BAR (Ser. No. 90/493,397), various versions of the MrBeast "Beast" logo (Trademark Reg. No. 5,850,491; Ser. Nos. 88/921,402 and 88/921,397), and the MrBeast Lightning Bolt Logo (Trademark Reg. No. 6,212,346), all of which are either registered or the subject of pending applications with the United States Patent and Trademark Office in connection with clothing (the "MrBeast Trademarks").

16.     MrBeast is also the exclusive owner of the copyrights in the artwork and designs for the Beast logo and Lightning Bolt logo, and such artwork and designs are registered with the United States Copyright Office (Copyright Reg. No. VA 2-134-088), as shown below:

Page 4 -    COMPLAINT



Copyright Reg. No. VA 2-134-088 is attached hereto as **Exhibit 1**.

17.     Porkbun is a domain name registrar accredited by the Internet Corporation for Assigned Names and Numbers ("ICANN"). Porkbun registers domain names for businesses for a fee.

18.     Whois acts as a privacy proxy, which registers domain names with domain name registrars on behalf of individuals that wish to own and operate domain names anonymously. When registering the domain name, Whois provides its own information rather than that of the owner for whom it serves as a proxy. Cybercriminals often rely on proxy services to hide their ownership and control of malicious domains from the public. Proxy services conceal the domain name registrant's identity normally listed on publicly available domain name registration records. These proxy services, like the services offered by Whois, are increasingly used by cybercriminals and spammers as they cycle through domain names in order to conceal their

identities and evade detection.

19.     On October 30, 2020, Whois registered the Infringing Domain Name with

Porkbun on behalf of the Doe Defendants, the true owner(s) and operator(s) of the Infringing

Domain Name and website (the "Infringer"). Whois provided its own identification and contact

information, and no information on the Infringer is available on Porkbun's registry search.

20.     The Infringer uses the Infringing Doman Name and website to sell counterfeit

MrBeast clothing and accessories using the MrBeast Trademarks and copyrighted images.

21.     In December 2020, MrBeast began receiving inquiries and complaints from

consumers regarding orders they had placed at the counterfeit MrBeast online store currently

operated from the Infringing Domain Name. These consumers believed that the counterfeit store

was MrBeast or a licensed or authorized affiliate. MrBeast has received dozens of such

communications from confused consumers, many of whom have written to complain about the

quality or accuracy of their orders or to demand a refund. The confusion caused by these

counterfeit sales and the subpar quality of the counterfeit merchandise has and will continue to

injure MrBeast's reputation and brand.

22.     To protect its brand and the consumers relying on it, MrBeast acted swiftly to stop

the Infringer. MrBeast's notified the website host (DigitalOcean), the registrar, Porkbun, and the

listed registrant, Whois, of the blatant and damage infringement. Only DigitalOcean responded

and attempted to correct the issue.

23.     On February 24, 2021, MrBeast authorized representatives sent a letter to

Porkbun stating that they represented MrBeast, providing evidence of MrBeast's exclusive

ownership of the MrBeast trademarks and copyrights, and demanding that Porkbun remove the

4830-1284-3757.7

infringing site. Porkbun claimed it had no control over the content of the site and refused to remove it or transfer the Infringing Domain Name to MrBeast.  The only assistance Porkbun provided was access to a limited messaging service that purportedly would connect MrBeast to the registrant.

24.     MrBeast followed up promptly by sending a cease and desist demand through the limited messaging service. MrBeast received no reply.

25.     On May 11, 2021, MrBeast again sent a notice to Porkbun, requesting that it either suspend or cancel the registration of the domain name or identify the registrant and all contact information it had for the registrant. Porkbun directed MrBeast to Porkbun's internal registrant search, and again suggested contact through the limited messaging service, but refused to take any further action.

26.     On May 13, 2021, MrBeast sent a notice to Whois through Private by Design, LLC at 500 Westover Dr., Suite 9816 Sanford, North Carolina 27330. The letter, which informed Whois of the infringing conduct, provided evidence of MrBeast's exclusive ownership of the MrBeast Trademarks and copyrights, and demanded that Whois provide the identity of the Infringer, was delivered on May 17, 2021.

27.     Despite notice, Porkbun has failed to take ". . . steps to investigate and respond appropriately to any reports of abuse" as required by the ICANN Registrar Accreditation Agreement. Porkbun has received overwhelming evidence of actionable harm caused by the Infringing Domain Name for which Porkbun is the registrar. Porkbun, as registrar, is a necessary party for the relief MrBeast seeks, namely cancellation or transfer of the Infringing Domain Name's registration.

4830-1284-3757.7

28.      Similarly, despite notice, Whois has failed to respond to MrBeast's notices, take action against the Infringer, or even provide MrBeast with contact information for the Infringer. Whois has received overwhelming evidence of actionable harm caused by the Infringing Domain Name Whois registered on behalf of the Infringer, yet Whois has failed to provide the identity or contact information of the Infringer to the victim of that harm.

29.      Defendants, with a bad faith intent to profit from MrBeast's Trademarks and copyrighted artworks and designs, registered, trafficked in, and/or used domain names that are identical or confusingly similar to Plaintiffs' trademarks in violation of 15 U.S.C. § 1125.

## V.      FIRST CLAIM FOR RELIEF

### (Trademark Infringement and Counterfeiting Under 15 U.S.C. § 1114)

30.      Plaintiffs re-allege each of the paragraphs above as if fully set forth herein.

31.      The Doe Defendants' have used and continue to use in commerce counterfeit imitations of the MrBeast Trademarks, without authorization, in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.

32.      Whois, registered, trafficked or used the Infringing Domain Name, and have failed to properly identify or investigate the Doe Defendants.

33.      Defendants are liable for the harm to Plaintiffs caused by the Infringer's use of the Infringing Domain Name in violation of the Lanham Act.

34.      MrBeast is the exclusive owner of the MrBeast Trademarks. The MrBeast Trademarks are in full force and effect. Upon information and belief, Defendants have knowledge of MrBeast's rights in the MrBeast Trademarks and are willfully infringing on the MrBeast Trademarks. Defendants' willful, intentional, and unauthorized use of the MrBeast

4830-1284-3757.7

Trademarks is likely to cause and is causing confusion, mistake, deception as to the original and quality of the counterfeit MrBeast clothing among the general public.

35.     Defendants' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. § 1114.

36.     MrBeast has no adequate remedy at law, and if Defendants' actions are not enjoined, MrBeast will continue to suffer irreparable harm to its reputation and the goodwill of the MrBeast Trademarks.

**VI.     SECOND CLAIM FOR RELIEF**

**(Federal Copyright Infringement Under 17 U.S.C. § 501)**

37.     Plaintiffs re-allege each of the paragraphs above as if fully set forth herein.

38.     The copyrighted artworks and designs contain copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq.* Plaintiffs are the owner of rights under copyright in and to the copyrighted work. Plaintiffs own a valid copyright registration for the work.

39.     Infringer has repeatedly violated Plaintiffs' copyrights by reproducing and selling counterfeit version on clothing and accessories marketed and sold from the Infringing Domain Name.

40.     Infringer has repeatedly violated Plaintiffs' copyrights by reproducing and using copyrighted material from Plaintiffs' official website to deceive consumers into believing that the Infringing Domain Name is affiliated with Plaintiffs, and to assist in the sale of counterfeited apparel and other goods.

41.     Since Whois did not identify or properly respond to complaints regarding the

Infringer in response to Plaintiffs' notices, Whois is liable for the harm to Plaintiffs caused by the Infringer's use of the Infringing Domain Name.

42.     Through Infringer and Whois's conduct alleged herein, including Infringer and Whois's reproduction, distribution, and sale of the copyrighted work without Plaintiffs' permission, Infringer and Whois have directly infringed Plaintiffs' exclusive rights in the copyrighted work in violation of 17 U.S.C. § 501.

43.     On information and belief, Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiffs' rights in the copyrighted work, and has enabled Defendants illegally to obtain profit therefrom.

44.     As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiffs have been harmed and is entitled to damages. Pursuant to 17 U.S.C. § 504(b), Plaintiffs are also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales of the copyrighted work and products incorporating or embodying the copyrighted work, and an accounting of such profits.

45.     Alternatively, Plaintiffs are entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's willful infringing conduct/for each of Plaintiffs' works that Defendant has infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

46.     Plaintiffs are further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

47.     Unless Infringer and Whois's infringing conduct is enjoined by this Court, Defendants will continue to infringe Plaintiffs' copyrighted work. Plaintiffs therefore are entitled

to preliminary and permanent injunctive relief restraining and enjoining Infringer and Whois's ongoing infringing conduct.

## VII.    THIRD CLAIM FOR RELIEF

### (False Designation of Origin Under 15 U.S.C. § 1125(a))

48.    Plaintiffs re-allege each of the paragraphs above as if fully set forth herein.

49.    Infringer and Whois's promotion, marketing, offering for sale, and sale of counterfeit MrBeast clothing has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with MrBeast or the origin, sponsorship, or approval of Infringer's counterfeit MrBeast clothing and miscellaneous merchandise by MrBeast.

50.    By using the MrBeast Trademarks in connection with the sale of counterfeit MrBeast clothing, Infringer and Whois create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit MrBeast clothing.

51.    Infringer and Whois's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit MrBeast clothing to the general public involves the use of counterfeit marks and is a willful violation of 15 U.S.C. § 1125.

52.    Plaintiffs are entitled to recover Defendants' profits, Plaintiffs' actual damages, and the cost of this action.

## VIII.    FOURTH CLAIM FOR RELIEF

### (Cybersquatting on Plaintiffs' Trademarks Under 15 U.S.C. § 1125(d))

53.    Plaintiffs re-allege each of the paragraphs above as if fully set forth herein.

54.    The MrBeast Trademarks are distinctive or famous and federally registered at the

4830-1284-3757.7

United States Patent and Trademark Office at the time Infringer and Whois registered, trafficked in, or used the infringing domain name.

55.     The Infringing Domain Name is confusingly similar to the MrBeast Trademarks.

56.     The Infringing Domain Name is dilutive of the MrBeast Trademarks.

57.     Defendants registered, trafficked in, or used the Infringing Domain Name with a bad faith intent to profit from the MrBeast Trademarks.

58.     Defendants do not have any trademark or other intellectual property rights in the Infringing Domain Names.

59.     Defendants registered, trafficked in, or used the Infringing Domain Name to divert consumers from Plaintiffs' legitimate websites for Defendants' commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of their websites.

60.     Defendants registration, use, and/or trafficking in the Infringing Domain Name constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Plaintiffs to relief.

61.     Plaintiffs' remedy at law is not adequate to compensate it for the injuries Defendants have inflicted on Plaintiffs. Accordingly, Plaintiffs are entitled to permanent injunctive relief pursuant to 15 U.S.C. § 1116, and an order requiring Porkbun to cancel or transfer the Infringing Domain Name.

62.     Plaintiffs are entitled to recover Defendants' profits, Plaintiffs' actual damages, and the costs of this action. Instead of actual damages and profits, Plaintiffs may alternatively elect to an award of statutory damages under 15 U.S.C. § 1117(s) in an amount of $100,000.

4830-1284-3757.7

## IX.     FIFTH CLAIM FOR RELIEF

### (Dilution of the MrBeast Trademarks Under 15 U.S.C. § 1125(c))

63.     Plaintiffs re-allege each of the paragraphs above as if fully set forth herein.

64.     The MrBeast Trademarks are famous, as that term is used in 15 U.S.C. § 1125(c), and they were famous before the Infringer's use of them and variations of the MrBeast Trademarks in commerce. The fame is based on, among other things, the inherent distinctiveness and federal registration of the MrBeast Trademarks as well as the extensive and exclusive worldwide use, advertising, promotion, and recognition of them.

65.     Infringer's use of the MrBeast Trademarks and variations thereof, in commerce constitute dilution by blurring and dilution by tarnishment in violation of 15 U.S.C. § 1125(c), entitling MrBeast to relief.

66.     Defendants unfairly profited from their conduct.

67.     Infringer damaged the goodwill associated with the MrBeast Trademarks, and it will continue to cause irreparable harm.

68.     Since Whois did not properly identify or investigate the Infringer in response to Plaintiffs' notices, Whois is liable for the harm to Plaintiffs caused by the Infringer's registration, use, and/or trafficking in the Infringing Domain Name in violation of the Lanham Act.

69.     Because Infringer and Whois acted willfully, MrBeast is entitled to damages against Infringer and Whois, and those damages should be trebled pursuant to 15 U.S.C. § 1117.

## X.     PRAYER FOR RELIEF

WHEREFORE, MrBeast requests the Court enter judgment as follows:

1.     That the Court find that:

4830-1284-3757.7

a.      Infringer(s) and Whois have registered, trafficked in, or used the Infringing Domain Name with a bad faith intent to profit from the MrBeast Trademarks in violation of 15 U.S.C. § 1125(d).

b.      Infringer(s) and Whois have infringed the rights of Plaintiffs in the federally registered trademarks in violation of 15 U.S.C. § 1114(1).

c.      Infringer(s) and Whois have infringed the rights of Plaintiffs in the MrBeast copyrighted artworks and designs in violation of 17 U.S.C. § 501.

d.      Infringer(s) and Whois have infringed the rights of Plaintiffs in the MrBeast Trademarks in violation of 15 U.S.C. § 1125(c).

e.      That each of the above acts was willful.

2.      That the Court enter a judgment against Defendants that Defendants are liable for the harm caused to Plaintiffs by the Infringer(s)' infringement of the Plaintiffs trademark rights and that these damages are trebled due to Infringer(s)' willfulness, in accordance with the provisions of 15 U.S.C. § 1117.

3.      That the Court issue a permanent injunction enjoining and restraining Defendants, their officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with them, from registering, using, or trafficking in, with a bad faith intent to profit, any domain name that is identical or confusingly similar to the MrBeast Trademarks.

4.      That Porkbun be ordered to cancel the Infringing Domain Name or transfer it to MrBeast.

5.      That the Infringer and Whois be ordered to account for and disgorge to Plaintiffs

Page 14 -  COMPLAINT

all amounts by which the Infringer and Whois have been unjustly enriched by reason of the unlawful acts complained of.

6.      That Plaintiffs be awarded $100,000 in statutory damages for the Infringing Domain Name by reason of Defendants' cybersquatting, in accordance with the provisions of 15 U.S.C. § 1117.

7.      That the Court award Plaintiffs their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and any other applicable provision of law.

8.      That the Court award Plaintiffs their costs of suit incurred herein.

9.      That the Court award such other or further relief as the Court may deem just and proper.

DATED this 29th day of July, 2021.

MILLER NASH LLP

*s/Daniel J. Oates*

Daniel J. Oates, OSB No. 131573
Dan.Oates@millernash.com
*s/Jesus Palomares*

Jesús Palomares, OSB No. 114874
Jesus.Palomares@millernash.com
Phone: 206.777.7537
Fax: 206.340.9599

Attorneys for Plaintiffs Beast Holdings, LLC;
MrBeastYouTube, LLC; and GameChanger247,
LLC

4830-1284-3757.7