UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BEAST HOLDINGS, LLC; MRBEASTYOUTUBE, LLC; and GAMECHANGER247, LLC, | No. 3:21-cv-01119-MO |
| Plaintiffs, | TEMPORARY RESTRAINING ORDER |
| v. | |
| PRIVATE BY DESIGN, LLC, a North Carolina limited liability company; Doe Defendants 1-20; WWW.SHOP-MRBEAST.COM, a domain name; and PORKBUN, LLC, a Oregon limited liability company, | |
| Defendants. | |

Page 1 -   TEMPORARY RESTRAINING ORDER

I.   **INTRODUCTION**

This matter came before the Court on Plaintiffs Beast Holdings, LLC, MrBeastYoutube, LLC, and GameChanger247, LLC (collectively "MrBeast" or "Plaintiff") move for a temporary restraining order, as described in the Complaint, to prohibit defendant Private by Design, LLC, Does 1-20, and www.shop-mrbeast.com (collectively "Defendants") from infringing on MrBeast's trademarks, copyrights, and goodwill, and to avoid further irreparable injury until such time as a hearing can be set for a permanent injunction.

The Court having reviewed the Motion for Temporary Restraining Order, the declarations of Ryan Quinn, Vanessa Wheeler, Sue Parisher, Paul Havel, Nathan Murray, Rory Mac Burke, all the files and pleadings herein, and the Court being fully advised on the matter, the Court hereby GRANTS Plaintiffs' Motion for Temporary Restraining Order.

II.   **ORDER**

A temporary restraining order request presents essentially the same issues as the preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a preliminary injunction, a plaintiff must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).
In addition, the Ninth Circuit's "serious questions" test provides an alternative basis for a preliminary injunction. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132. Accordingly, a preliminary injunction is appropriate "if there is a likelihood of irreparable injury to plaintiff; there are serious questions

going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

MrBeast's request for a temporary restraining order meet both of these standards. Based on the record presented to the Court, MrBeast has shown a likelihood of success on its claims for cybersquatting, trademark infringement, counterfeiting, and false designation of origin. The Defendants' conduct is causing substantial irreparable harm in the form of poorly manufactured products and services that are injuring the MrBeast brand, thereby impairing MrBeast's ability to capitalize on its substantial investments in the brand. The balance of the hardships tip sharply in MrBeast's favor, as Defendants are merely trading off MrBeast's brand by using a virtually identical website to sell counterfeit, low-quality goods to unsuspecting consumers. The public interest will therefore also be served by stopping this deceptive conduct. All of these issues raise serious questions going to the merits of this litigation, and injunctive relief is therefore warranted.

Having concluded that MrBeast satisfies the standard for interim injunctive relief, pursuant to Fed. R. Civ. P. 65, the motion is hereby GRANTED, and Porkbun, LLC is hereby ORDERED to suspend Defendants' domain name (i.e., www.shop-mrbeast.com) until such time as the Court has heard the parties' motion for preliminary injunction.

IT IS SO ORDERED.

DATED this 2d day of August, 2021.

MICHAEL W. MOSMAN
United States District Judge