IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BEAST HOLDINGS, LLC,
MRBEASTYOUTUBE, LLC, and
GAMECHANGER247, LLC,

Case No. 3:21-cv-01119-MO

OPINION & ORDER

Plaintiffs,

v.

WWW.SHOP-MRBEAST.COM, and
SHOP-MRBEASTS.COM,

Defendants.

MOSMAN, J.,

This matter comes before me on Plaintiffs' Motion for Default Judgment [ECF 31]. For the reasons below, I GRANT Plaintiffs' motion.

BACKGROUND

Plaintiffs are three limited liability companies comprising MrBeast, an internet brand created by James Donaldson. Parisher Decl. [ECF 7] ¶¶ 2, 4–7. Donaldson owns the principal interest in the plaintiff companies. *Id.* ¶ 4. Though Donaldson started the MrBeast brand as a YouTube channel, it has now expanded to a variety of other business ventures. *Id.* ¶ 10. MrBeast holds trademarks on its name and logos and copyrights on the designs behind them. *Id.* ¶¶ 8–9. MrBeast sells branded merchandise at its official store website, shopmrbeast.com. Murray Decl. [ECF 3] ¶ 2.

1 – OPINION & ORDER

Sometime near the end of 2020, MrBeast started receiving complaints from prospective customers who had purchased merchandise and received either faulty products or no product at all. *Id.* ¶ 4. Yet the prospective customers did not make their purchases from the official MrBeast storefront. *Id.* ¶¶ 4–80. Instead, they purchased goods from two domains of which MrBeast had previously been unaware: shop-mrbeast.com and shop-mrbeasts.com (hereafter "the hyphenated domains"). Murray Decl. [ECF 3] Exs. 1–77. Despite having no affiliation with MrBeast, the hyphenated domains used MrBeast's copyrighted logo and sold merchandise branded with its trademarks. Parisher Decl. [ECF 7] ¶¶ 9, 11. Customers who purchased goods from the hyphenated domains received faulty products—if they received any product at all—and faced poor customer service. Murray Decl. [ECF 3] Exs. 1–77.

MrBeast initiated this suit against shop-mrbeast.com, its registrar, and its privacy registrant, in July 2021. Compl. [ECF 1]. Shortly after filing, MrBeast moved for a temporary restraining order to suspend operation of the hyphenated domains, which I granted. Temporary Restraining Order [ECF 17]. In September 2021, MrBeast filed an amended complaint, dropping the registrar and privacy registrant as defendants and adding shop-mrbeasts.com, which it had recently discovered. Am. Compl. [ECF 25]. The amended complaint alleges trademark infringement under 15 U.S.C. § 1114 and cybersquatting under 15 U.S.C. § 1125(d). Am. Compl. [ECF 25] ¶¶ 31–45. The hyphenated domains filed no answer. Pursuant to Fed. R. Civ. P. 55(a), MrBeast moved for an entry of default in November 2021, which was granted. Clerk's Entry of Default [ECF 30]. MrBeast now seeks default judgment against the infringing domains.

## DISCUSSION

In *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), the Ninth Circuit articulated seven factors that a court should consider when determining whether to grant default judgment:

"(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Several of these factors weigh heavily in favor of granting default judgment.

### I.   Possibility of Prejudice to Plaintiff

MrBeast has shown a high probability of prejudice if default judgment is not granted. The hyphenated domains have not made any appearance in this case whatsoever and have given no indication that they will change course. Because the domain registrants reside outside of the United States, Oates Decl. [ECF 22] ¶¶ 4–5, MrBeast has no other viable recourse against them. Because default judgment is ostensibly MrBeast's sole remedy against the hyphenated domains, a failure to grant default judgment would significantly prejudice MrBeast. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### II.   Merits of MrBeast's Substantive Claims

First, MrBeast's substantive claims have merit. A defendant is liable for trademark infringement under when it (1) uses a registered mark in connection with the sale of goods and (2) it uses the mark in such a way that would be "likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). I find MrBeast has established the first element because the hyphenated domains use reproductions of MrBeast's registered marks in the online stores where they sell goods that use those same marks without permission. Quinn Decl. [ECF 6] ¶ 5. As to the second element, I find that the hyphenated domains use these marks on an online storefront with a nearly identical address to that of MrBeast's official storefront is likely to cause

confusion. Moreover, the use already has caused confusion. Murray Decl. [ECF 3] Exs. 1–77. Thus, MrBeast would succeed on the merits of its trademark infringement claim.

Likewise, MrBeast would succeed on the merits of its cybersquatting claim. A defendant is liable for cybersquatting when it (1) uses a domain name that "is identical or confusingly similar to" a registered mark and (2) does so with "a bad faith intent to profit from that mark." 15 U.S.C. § 1125(d)(1)(A). Given that the hyphenated domain names are nearly identical to the name of MrBeast's online storefront and that they contain the registered mark "MrBeast," I find MrBeast has established the first element. To aid in evaluating the second element, § 1125(d)(1)(B)(i) outlines numerous factors a court may consider in determining whether a defendant has used a domain name in bad faith. I find these factors—particularly the person's intent to divert consumers from the mark owner's online location for commercial gain—to weigh strongly in favor of a finding that the hyphenated domains acted in bad faith. MrBeast would therefore succeed on the merits of its cybersquatting claim.

### III. Sufficiency of the Complaint

This factor generally merges with the substantive merits of the complaint. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. Because I find MrBeast would succeed on the merits of its claims, I also find that its amended complaint is sufficient to state a claim for relief.

### IV. Money at Stake

No money is at stake here because MrBeast does not seek monetary damages against the hyphenated domains. Am. Compl. [ECF 25] at 9–10.

### V.     Possibility of A Dispute Over Material Facts

I find the affidavits submitted by MrBeast to be credible. Those affidavits establish that MrBeast holds the trademark for logos that the hyphenated domains used without authorization. I therefore find that there is little possibility here for a dispute over material facts.

### VI.    Excusable Neglect

MrBeast and this Court have made several attempts to contact the hyphenated domains' registrants. Mot. for Default J. [ECF 31] at 14–15 (explaining different attempts to contact the registrants). Yet the hyphenated domains have made no appearance in this case whatsoever. Because I find the methods of contacting the domains' registrants to be highly likely of putting them on notice of this suit, I also find that it is highly unlikely the hyphenated domains have failed to appear due to excusable neglect.

### VII.   Policy Favoring Decisions on the Merits

This is the one factor that weighs against granting default judgment. But "the mere existence of Fed. R. Civ. P. 55(b) indicates that this preference, standing alone, is not dispositive." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (internal quotation omitted). Because all other factors weigh heavily in favor of granting default judgment, I find default judgment against the hyphenated domains to be appropriate.

## CONCLUSION

For the reasons given above, I GRANT MrBeast's Motion for Default Judgment [ECF 31].

IT IS SO ORDERED.

DATED this 7th day of January, 2022.

                                                    MICHAEL W. MOSMAN  
                                                    United States District Judge